# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:23-cv-00148-MOC-SCR

| | |
|---|---|
| **LISA COPELAND,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CHEDDAR'S CASUAL CAFÉ, INC., a/k/a CHEDDAR'S SCRATCH KITCHEN,**<br><br>**Defendant.** | **CONSENT PROTECTIVE ORDER** |

The parties to this action, Plaintiff Lisa Copeland and Defendant Cheddar's Casual Café, Inc. a/k/a Cheddar's Scratch Kitchen, ("The Parties"), through their respective counsel, hereby stipulate to the entry of this mutual protective order regarding the use and confidentiality of documents, testimony, information and material produced in this litigation.

To expedite the flow of discovery, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Rule 26 of the Federal Rules of Civil Procedure, and with the consent of the parties to this litigation, the Court enters the following Order regarding the treatment of Confidential Information.

1. **Confidential Information**.

The parties to this litigation may designate as "CONFIDENTIAL" any document, testimony, information or material ("Confidential Information") disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in subsections (a), (b), and (c) of this section. Such designation shall subject the information produced or provided under said designation to the provisions of this Order. All or any portion of any documents,

transcripts, writings or recordings of any sort which substantially quote or paraphrase information regarding the Confidential Information shall also be deemed "CONFIDENTIAL" and subject to the terms and conditions of this Order. The parties shall act in good faith and on a reasonable basis when designating material "CONFIDENTIAL."

(a) Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by any of the parties to this litigation by stamping the word "CONFIDENTIAL" on the face of the writing. Alternatively, a party may designate any writing as "CONFIDENTIAL" by identifying any such document by bates number and designating it as "CONFIDENTIAL" in a letter to the opposing party(s)' counsel submitted with or prior to the production of such document.

(b) At the deposition, any party to this litigation may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation. All transcripts of depositions and deposition exhibits, and all information addressed in deposition, shall be treated in their entirety as Confidential Information for twenty (20) business days after such transcripts and exhibits are actually received by counsel for each party. During the twenty (20) day period or thereafter, any party may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising counsel of such designation. Portions of any deposition designated "CONFIDENTIAL" which are to be filed with the Court shall be filed under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to a Confidentiality Agreement. These portions shall remain sealed until further agreement of the parties." Whenever any writing designated as

"CONFIDENTIAL" is identified as an exhibit in connection with testimony given in this case, it shall be so marked and separately filed under seal with the Court.

(c) Any party to this litigation may designate specific responses to information requests, including requests for production responses and interrogatory answers, "CONFIDENTIAL" by labeling the specific response "CONFIDENTIAL."

2. **Filing Under Seal**.

Whenever any Confidential Information is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal in compliance with LCvR 6.1 and subject to this Court's approval. Where possible, only "CONFIDENTIAL" portions of filings with the Court shall be filed under seal.

3. **Access to Confidential Information**.

Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, Confidential Information shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to Confidential Information shall be limited to:

(a) the Court, including any Court personnel assisting the Court, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

(b) the parties, attorneys representing the parties and paralegal, clerical and secretarial employees of such attorneys;

(c) the officers, directors, agents or employees of the parties participating in the prosecution, defense, settlement or other disposition of this action;

(d) mediators, consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached as Exhibit A;

(e) potential witnesses provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached hereto as Exhibit A;

(f) any person who is an author, addressee or recipient of, or who previously had access to, the Confidential Information;

(g) deposition witnesses who agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A;

(h) any other person as to whom the party that designated the document or information as Confidential has consented to disclosure in advance; and

(i) any other person designated by the Court.

Notwithstanding any provision in this Order, a party may disclose or make Confidential Information available to regulators with supervisory authority over that party, and external auditors and reinsurers of that party who have a business need for that Confidential Information.

**4. Inadvertent Disclosure.**

If any party inadvertently produces or discloses any Confidential Information without marking it as "CONFIDENTIAL," that party may give notice to the receiving party that the information should be treated as "CONFIDENTIAL" in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question or otherwise follow the procedures in this Order for designating such information as "CONFIDENTIAL." Within five (5) days of the receipt of substitute copies, and upon request, the receiving party (at the expense of the

party that inadvertently produced the Confidential Information) shall return the previously unmarked items and all copies thereof. Inadvertent disclosure shall not be deemed a waiver of confidentiality.

**5. Copying and Storage of Confidential Information.**

No party shall, for itself or for any other person or persons, make more copies of any Confidential Information than are reasonably necessary to conduct this litigation. Except as otherwise provided in this Order, all Confidential Information shall remain in possession of counsel for the respective parties or the parties themselves, and be stored in a secure place.

**6. Challenges to Confidential Designations.**

If any party to this litigation objects to the designation of any document, testimony, information or material as "CONFIDENTIAL," the party may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation. Unless and until the Court enters an order to the contrary, the document, testimony, information or material shall be given the "CONFIDENTIAL" treatment initially assigned to them and as provided for in this Order.

**7. Use of Confidential Information.**

Should any party hereto seek to utilize any Confidential Information at trial, deposition or a hearing in this matter, that party shall meet with counsel for the other parties in an effort to agree upon a procedure to insure the confidentiality of such Confidential Information. In the event counsel are unable to reach agreement, the matter may be submitted to the Court.

**8. Procedures Upon Termination of Action**.

Within thirty (30) business days following any final settlement or the running of any applicable time to appeal the final order entered in this litigation, all parties shall either (i) return to the person who produced such materials all copies of all Confidential Information obtained in this action or (ii) certify to that person that all such Confidential Information has been destroyed, except that counsel for each party may retain in its files one copy of each pleading, brief or document filed with the Court, and deposition and trial transcripts and exhibits thereto, and correspondence, subject to the provisions of this Confidentiality Agreement. Copies of "CONFIDENTIAL" documents that have been filed with the Court may be returned to the filing party by the Clerk of the Court, or destroyed.

**9. Efforts by Non-Parties to Obtain Confidential Information**

If any party has obtained Confidential Information under the terms of this Order and receives a subpoena or other compulsory process from a non-party commanding the production of such Confidential Information, such party shall use reasonable efforts to promptly notify the party that designated the Confidential Information as "CONFIDENTIAL." The party receiving the subpoena or other process may thereafter produce the Confidential Information in compliance with the subpoena or other process unless the designating party quashes the subpoena or otherwise obtains an order releasing the receiving party from the obligation to produce the Confidential Information.

**10. Improper Disclosure**.

If any party discloses Confidential Information to any person other than in a manner authorized by this Order, that party shall promptly inform the party that provided the Confidential

Information about the disclosure, shall endeavor in good faith to retrieve such Confidential Information and prevent its further disclosure.

**11. <u>Effect of Order</u>.**

This Order shall not affect the right of any party or non-party to oppose production of documents or other information on any ground permitted by the Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party under the Rules of Civil Procedure or the admissibility of any evidence in this action. Use or disclosure of the Confidential Information contrary to the terms of this Order shall be deemed cause for contempt and may be enforced by the Court upon its own motion or upon motion of any party to this litigation.

**12. <u>Application to Court</u>.**

Any interested party may apply to the Court for an order permitting the disclosure of any Confidential Information or for an order modifying or limiting this Order in any respect.

**13. <u>Continuing Jurisdiction</u>.**

All provisions of this Order shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or order of the Court and the Court shall retain jurisdiction of this matter for the purpose of enforcing this Order.

**SO ORDERED**:          Signed: July 1, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge

[*Consent Signatures on Following Page*]

**WE CONSENT:**

MARTINEAU KING PLLC
*Attorneys for Cheddar's Casual Cafe, Inc.*

/s/Elizabeth A. Martineau
Elizabeth A. Martineau
N.C. State Bar No. 26394
emartineau@MartineauKing.com
PO Box 241268
Charlotte, NC 28224
Telephone:     (704) 247-8524
Facsimile:     (704) 247-8582


WILLIFORD LAW
*Attorney for Plaintiff*

/s/Jackson Williford
Jackson Williford
N.C. State Bar No. 51796
15720 Brixham Hill Ave., Ste. 300
Charlotte, NC  28277
Tel. 704-656-0016
Fax 704-626-6197
Jackson@jawillifordlaw.com

# EXHIBIT A

## Consent to Be Bound By Protective Order

1. I, _____, have read the foregoing Protective Order and Confidentiality Agreement dated _____ (the "Protective Order"), and agree to be bound by its terms with respect to any documents, testimony, material or information designated or marked "CONFIDENTIAL" ("Confidential Information") that are furnished to me as set forth in the Protective Order.

2. I further agree (i) not to disclose to anyone any Confidential Information other than as set forth in the Protective Order; and (ii) not to make any copies of any Confidential Information furnished to me except for use in accordance with the Protective Order; and (iii) not to use any Confidential Information provided to me in connection with this litigation for any purposes other than those of prosecuting and/or defending this action as set forth in the Protective Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Western District of North Carolina Charlotte Division with regard to any proceedings to enforce the terms of the Protective Order.

_____
Signature

_____
Printed Name

_____
Relationship to Litigation:

_____
Date